Cardillo & Corbett
Attorneys for Plaintiff
METAL TRANSPORT AND LOGISTICS LTD., BVI
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
METAL TRANSPORT AND LOGISTICS LTD., BVI,  :
                                          :
                         Plaintiff,       :
                                          :   **VERIFIED COMPLAINT**
             -against-                    :
                                          :
AGRIKO S.A.S.,                            :
                                          :
                         Defendant.       :
------------------------------------------x

Plaintiff, METAL TRANSPORT AND LOGISTICS LTD., BVI, ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, AGRIKO S.A.S. ("Defendant") alleges, upon information and belief as follows:

JURISDICTION

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

THE PARTIES

2.   At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with an

address at Trident Chambers, Wickhams Cay, Road Town Tortola British Virgin Islands.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 70, Av Du General De Gaulle, 9400 Creteil France.

AND AS FOR
PLAINTIFF'S FIRST CAUSE OF ACTION

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. Pursuant to a voyage charter party dated September 25, 2007, the MV RUSICH-7 (the "Vessel") carried 4,258.135 metric tons of sunflower seed extraction meal from Rostov-on-Don, Russia to Bandirma, Turkey (the "Charter Party").

6. Defendant exceeded the time allowed under the Charter Party for loading and discharging the cargo by 493.39 hours. Under the terms of the Charter Party, Defendant is liable to Plaintiff for demurrage as a result of its exceeding the time allowed to load and discharge at the rate of $8,000 per day. The total demurrage incurred by Defendant was $164,463.33 ($8000 x 493.39/24). Defendant is liable for to Plaintiff for the amount of such demurrage, less

2

commissions in the amount of $4,111.58, leaving a balance of demurrage due of $160,351.75.

7.   Plaintiff has demanded the demurrage incurred by the Vessel from Defendant, but Defendant has failed and refused to pay the outstanding demurrage in the amount of $160,351.75.

AND AS FOR
PLAINTIFF'S SECOND CAUSE OF ACTION

8.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-7 of this Complaint as if set forth at length herein.

9.   On December 4, 2007 after discharging the cargo at Bandirma the Vessel was arrested by receivers of the cargo, alleging damage to the cargo.

10.   In order to release the Vessel from arrest, Plaintiff was required to retain attorneys in Bandirma and establish security in the form of a bank guarantee in the amount of $45,835.00 in favor of one of the receivers of the cargo. To date, Plaintiff has incurred costs and attorneys's fees defending the claim in the amount of $23,454.00. It is Plaintiff's best estimate that it will spend an additional $25,000.00 in defending the claims in Bandirma.

11.   In order to prevent any further arrests of the Vessel, Plaintiff caused the issuance of a P&I letter of undertaking in the amount of $100,000.00 in favor of another

receiver. The claim by the second receiver, however, is in the amount of $14,942.00.

12.  Defendant is liable to Plaintiff, under the terms of the Charter Party, for all amounts that Plaintiff may be held liable for in Bandirma to the receivers and for all costs, including attorneys' fees, incurred by Plaintiff in defending the lawsuit and/or claims by the receivers.  As best as Plaintiff can estimate at present, the liabilities for which Plaintiff may be held responsible amount to $60,777 and the costs that Plaintiff has incurred and may incur amount to $48,454.00.

## LONDON ARBITRATION

13.  The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London, England.  English law is applicable under the Charter Party.

14.  Plaintiff reserves the right to commence arbitration against Defendant pursuant to the terms of the Charter Party.

15.  Interest, cost and attorney's fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law.  As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---:|
| A. | On the first cause of action: | $160,351.75 |
| B. | On the second cause of action: | $109,231.00 |
| C. | Interest at 7% for 3 years: | $56,612.37 |
| D. | Costs of arbitration, including arbitrators' fees and attorneys' fees: | $95,000.00 |
| | TOTAL: | $421,195.12 |

<u>DEFENDANT NOT FOUND WITHIN THE DISTRICT</u>

16. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

17. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank,

Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendant, in the amount of $421,195.12 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

    C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

    D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
             August 19, 2008

CARDILLO & CORBETT
Attorneys for Plaintiff
METAL TRANSPORT AND
LOGISTICS LTD. BVI

By: _____
Tulio R. Prieto (TP 8455)

Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

  1. My name is Tulio R. Prieto.

  2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

  3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

  4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

  5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

  6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

  7. I am authorized to make this Verification on

behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to this 19th day
of August, 2008

_____
NOTARY PUBLIC

JEAN ELIAS
Notary Public, State of New York
No. 01EL6096474
Qualified in Richmond County
Certificate filed in New York County
Commission Expires July 28, 2011